### UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROXANNE CAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| COMMERCIAL RECOVERY SYSTEMS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

ROXANNE CAGE (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Chicago, Cook County, Illinois.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the Dallas, Texas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant is placing collection calls to Plaintiff and family members seeking and demanding payment for an alleged debt owed to Citibank.

13. Defendant placed a call to Plaintiff's mother's home and left a voicemail falsely informing the listener that a case against Plaintiff was due to be filed with the County Clerk's office (see Exhibit A).

14. When Plaintiff returned Defendant's phone call, Defendant's agent falsely threatened Plaintiff with legal action should payment not be made by December 18, 2009.

15. Defendant's agent falsely informed Plaintiff that a lawsuit would result in Plaintiff being found in "contempt of court" and that Plaintiff would be imprisoned for such.

16. Defendant failed to provide Plaintiff with written notice of her rights to dispute and/or seek

validation of the alleged debt within five (5) days of the initial communication.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(b) of the FDCPA by communicating with a third party, Plaintiff's mother, in connection with collection of the alleged debt.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

   c. Defendant violated §1692e(4) of the FDCPA by falsely threatening Plaintiff with arrest and imprisonment should timely payment not be made.

   d. Defendant violated §1692e(5) of the FDCPA by falsely threatening Plaintiff with a civil lawsuit should timely payment not be made.

   e. Defendant violated §1692e(10) of the FDCPA by engaging in deceptive means to attempt to collect a debt by falsely claiming to be affiliated with the office of the Attorney General, by falsely threatening Plaintiff with arrest and imprisonment and by falsely threatening Plaintiff with a civil lawsuit.

   f. Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, ROXANNE CAGE, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:_____/s/ Adam T. Hill_____
Adam J. Krohn
Adam T. Hill
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROXANNE CAGE, demands a jury trial in this case.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ILLINOIS

Plaintiff, ROXANNE CAGE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROXANNE CAGE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12-20-2009
Date

Roxanne R. Cage
ROXANNE CAGE

## **EXHIBIT A**

Hi Joyce, this message is actually for Roxanne Cage. My name is Paul Walker. I am calling from the Offices of _____. This call is in regards to a case that is due to be filed against her with the county clerk's office, so it is pretty important that either she or her attorney does get back in contact with _____ immediately. She can reach him at 1-800-214-7875. Again the number is 1-800-214-7875 and the case number is 2780502.